UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STEVE RODARTE**, **GINA NEZ**,
**JIMMY SERRANO,** and **ALEX BOLDEN**,
on behalf of themselves and all others
similarly situated,

Plaintiffs,

v.                                                                                       No. 14-CV-193 JAP/SCY

**BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY**,

Defendant.

## MEMORANDUM OPINION AND ORDER

On August 1, 2014, Plaintiffs filed PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND CERTIFICATION OF A CLASS ACTION UNDER FED. R. CIV. P. 23(B)(3) AND MEMORANDUM IN SUPPORT ("Motion to Certify") (Doc. No. 30). On August 29, 2014, Defendant filed DEFENDANT'S RESPONSE TO PLAINTIFFS'MOTION FOR CONDITIONAL CERTIFICATION OF THE COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND CERTIFICATION OF A CLASS ACTION UNDER FED. R. CIV P. 23(B)(3) ("Response") (Doc. No. 35). On September 26, 2014, Plaintiffs filed PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND CERTIFICATION OF A CLASS ACTION UNDER FED. R. CIV. P. 23(B)(3) AND MEMORANDUM IN SUPPORT ("Reply"). After reading the parties' briefing and the relevant law, the Court will grant in part and deny in part Plaintiffs' Motion to Certify.

1

**BACKGROUND**

Plaintiffs are unionized employees of the Bernalillo County Youth Services Center. They allege Defendant had a policy requiring employees to appear ten to fifteen minutes before the beginning of their scheduled work shift and receive a briefing from the employee they relieved. Motion to Certify at 2. Plaintiffs seek conditional certification of a class under 29 U.S.C. § 216(b) for Defendant's alleged violations of 29 U.S.C. § 207, and certification of a class under Rule 23(b)(3) for Defendant's unjust enrichment.

Title 29 U.S.C. § 207(a) requires employers to pay overtime wages to regular employees for any work in excess of forty hours a week. The issue of whether, as a matter of law, the Fair Labor Standards Act ("FLSA") requires Defendant to pay Plaintiffs either at a regular or overtime rate for the unpaid work in accordance with Defendant's policies is not now before this Court. The only issues before this Court are whether Plaintiffs' FLSA claims should be certified as a collective action, and whether Plaintiffs' unjust enrichment claims should be certified under FED. R. CIV. P. 23(b)(3).

Plaintiffs have asked this Court to certify the following class:

> All current and former employees of Bernalillo County employed at the Bernalillo County Youth Services Center within the past three years as a Youth Program Officer I [YPO I] or Youth Program Officer II [YPO II] who have, at any time in the relevant period, worked at a post that required pre- or post-shift briefing and work related to on-coming or out-going employees in that post.

Motion to Certify at 3.

Plaintiffs allege YPO Is and IIs perform essentially the same tasks, the distinction being that YPO IIs have a leadership role while YPO Is do not. Motion to Certify at 5. This difference aside, Plaintiffs allege Defendant required YPO Is and IIs to appear ten to fifteen minutes prior to the official beginning of their shifts to debrief the previous shift officer and perform other

tasks. *Id.* at 5–6. These tasks include physically counting residents, checking radios, and accounting for equipment. Doc. No. 30-3 at 1. Plaintiffs further allege that the pre-shift duties often resulted in unpaid post-shift work because employees were not relieved from duty by the post orders until all of these pre-shift preparation tasks were completed. *Id.* In other words, a relieving employee's failure to complete pre-shift duties prior to the beginning of a shift, either because the tasks were too time-consuming or because the employee was late, would result in the relieved employee being forced to stay past his or her shift. *See* Motion to Certify at 5–6.

Plaintiffs seek overtime pay for pre-shift work, mandated by post orders and other policies, that they allege Defendant did not pay them for performing. Until March 2013, this time varied from ten to fifteen minutes. After March 2013, it was ten minutes per employee per shift. Plaintiffs seek conditional certification of their proposed class in order to send notices to about 145 YPO Is and IIs who worked for Defendant when the allegedly illegal policies were in place. *See* Doc. No. 30-9 (listing YPO Is and IIs who worked at the Bernalillo County Youth Services Center from February 28, 2011 to May 31, 2014).

Plaintiffs also allege that Defendant's policies give rise to claims for unjust enrichment under New Mexico common law. This is because Plaintiffs believe that some employees might not have FLSA claims, even though they all were forced to engage in unpaid pre-shift briefing. Plaintiffs move this Court to certify a class action under FED. R. CIV. P. 23(b)(3) (presumably with the same class definition as their proposed FLSA collective action) for their unjust enrichment claims.

## DISCUSSION

### a. Fair Labor Standards Act Collective Action

#### i. Legal standard

Under the Fair Labor Standards Act ("FLSA"), an employee may bring a collective action on behalf of "similarly situated" employees to seek redress for violations of the Act. 29 U.S.C. § 216(b). Congress intended the FLSA collective action provision to lower plaintiffs' individual costs in order to encourage collective vindication of FLSA rights while avoiding repetitive adjudication of claims arising from the same set of facts. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Unlike class actions under FED. R. CIV. P. 23, putative class members under the FLSA must opt in the action rather than opt out. *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Under Section 216(b), a collective action is proper when employees are "similarly situated"—i.e., have suffered damages caused by the same or similar violations of the FLSA's substantive provisions.

The parties agree that this Court should employ the "two-step ad hoc approach" to evaluate Plaintiffs' Motion to Certify their FLSA claims. Under this approach, the Court makes an initial "notice stage" determination of whether the proposed class consists of similarly situated employees. *Thiessen*, 267 F.3d at 1102–03. In order to satisfy this initial notice-stage enquiry, Plaintiffs must present "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (quoting *Bayles v. American Medical Response of Colorado, Inc.*, 950 F. Supp. 1053, 1066 (D. Colo. 1996)).

If the Court finds Plaintiffs have successfully set forth substantial allegations that the proposed class members were victims of the same decision, policy, or plan, then it conditionally

certifies the class and allows discovery on the merits of Plaintiffs' FLSA claims. *Thiessen*, 267 F.3d at 1102–03. Once discovery is complete, the Court then makes a second determination, usually prompted by the Defendant's motion to decertify. *Id.* This second determination applies a stricter definition of "similarly situated" than the one used at the conditional certification stage. *Id.* The second analysis looks to whether the facts surrounding each class member's employment, the Defendant's affirmative defenses to individual class member's claims, and other fairness and procedural concerns destroy the court's initial finding. *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d. 759, 762 (N.D. Ill. 2004).

    ii.  <u>Plaintiffs have put forward substantial allegations that the putative class members were victims of Defendant's pre-shift briefing policy.</u>

  Plaintiffs argue that the affidavits and other evidence submitted with their Motion to Certify establish the proposed class members are similarly situated. According to their Motion to Certify, Plaintiffs and the putative class members are "all employed by the same entity, work in the same location, perform substantially the same job duties under one of two job titles (YPO I or YPO II), are members of the same bargaining unit governed by the same collective bargaining agreement, and are subject to the same Post Orders, Standard Operating Procedures, and Policies." Motion to Certify at 10. Plaintiffs assert that the only difference among class members is the amount of time they were forced to work under the allegedly unlawful pre-shift work policy. *Id.*

  Defendant argues Plaintiffs have only established that Defendant was willing to allow putative class members to arrive early for work. Response at 4. And even if the Post Orders and other evidence shows YPO Is and IIs were required to work unpaid overtime, Defendant argues that Plaintiffs' proposed class is overbroad because it includes YPO I and II workers who

worked as-needed instead of according to shifts. *Id.*[1] Defendant further attacks the foundation of the Plaintiff Rodarte's affidavit, arguing his assertions about the unpaid pre- and post-shift work are unfounded interpretations of Defendant's Post Orders and other policies. Response at 5. Finally, Defendant argues Plaintiffs cannot seek class-wide relief for post-shift work because Plaintiffs' evidence at best establishes only that employees were required to show up for pre-shift briefing, not post-shift work. Response at 9.

The Court finds that Plaintiffs have made substantial allegations that the proposed class consists of similarly situated employees. Unlike the cases cited by Defendant, Plaintiffs are not relying on their own conclusory allegations in order to establish that they are similarly situated. Instead, Plaintiffs have produced documentary evidence of a policy requiring YPO I and II employees to appear before the beginning of their shifts.

The Post Orders and timesheets this Court has reviewed do tend to establish that both YPO I and II employees were required to appear for their shifts at least ten minutes prior to their start time. *See* Doc. No. 30-3 at 1–16 (post orders); Doc. No. 41-2 (timesheets). While it may well turn out, as Defendant argues, that employees were either paid for the pre- and post-shift work or otherwise not required to be paid for this work under the FLSA, this argument goes to the merits of the class members' claims. That question may be addressed in response to a motion to dismiss under FED. R. CIV. P. 12(b)(6) or a Motion to Decertify the collective action.

---

[1] In an affidavit attached to the Response, Bernalillo County Youth Services Center Director Craig Sparks (Sparks Affidavit) (Doc No. 35-1) says many YPO I and II employees "do not engage in shift-to-shift briefing" because "their schedules vary depending on the needs of the Department." Sparks Affidavit at 1.

      iii.    <u>Plaintiffs have not made substantial allegations that post-shift work was uncompensated or the result of Defendant's policies.</u>

Plaintiffs argue that Defendant's policies required class members to stay on-duty until pre-shift briefing was complete. Reply at 4. Thus, according to Plaintiffs, if replacements were late, pre-shift briefing was still required, which resulted in employees staying beyond the end of their shift. *Id.*

The Court finds that to the extent that the proposed class members performed any work after the end of their shift, they are not similarly situated so as to merit collective resolution. The timesheets reviewed by this Court reveal that shift employees who stayed after the end of their shift were paid overtime wages for this work. *See* Doc. No. 41-2 (timesheets for various shifts).

Second, it is difficult to see how the proposed class of employees are similarly situated when the length of any unpaid after-shift work (assuming it happened) was determined not by Defendant's policy (which at best requires an open-ended commitment to stay until replacements arrive), but by the replacement, who may be late to work for any number of different personal reasons. For example, an interrogatory response from Plaintiff Nez states that she was required to stay past the end of her shift for as little as five minutes or as much as an hour. Doc. No. 35-4 at 2. Allowing the entire class to pursue claims for late work would prevent this Court from using any method of class-wide proof, defeating the purpose of a collective action.

      iv.    <u>Class definition adopted by the Court</u>

In sum, Plaintiffs have made a substantial allegation that they (and other workers similarly situated) performed uncompensated pre-shift overtime work as a result of Defendant's policies. Plaintiffs have not, however, raised any substantial allegation that Defendant's policies caused YPO I and II employees to perform similar post-shift work. Therefore, the Court will

grant Plaintiff's motion for conditional certification of the following class under 29 U.S.C. § 216(b) for notice purposes:[2]

> All current and former employees of Bernalillo County employed at the Bernalillo County Youth Services Center within the past three years as a Youth Program Officer I [YPO I] or Youth Program Officer II [YPO II] who have, at any time in the relevant period, worked at a post that required uncompensated pre-shift briefing and work related to on-coming or out-going employees in that post.

### b. Plaintiff's motion for certification under FED. R. CIV. P. 23

#### i. Legal Standard

Under FED. R. CIV. P. 23, a plaintiff may sue on behalf of all members of a class only if (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims of representative parties are typical of the claims of the class ("typicality"); and (4) the representatives will fairly and adequately protect the interests of the class ("adequacy"). FED. R. CIV. P. 23(a).

If these requirements are met, a court may allow class representation for claims seeking monetary relief if questions of law or fact predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. FED. R. CIV. P. 23(b)(3).

#### ii. Rule 23(a) requirements

1. Numerosity

---

[2] Plaintiffs make a cursory prayer for certification under N.M. Stat. Ann. § 50-4-26(D) (2014). *See* Motion to Certify at 23. The Court will interpret this statement as a typographical error, since the introduction to Plaintiffs' Motion contained a prayer for relief under the FLSA, not Section 50-4-26(D). Moreover, because Plaintiffs' prayer for relief in their Complaint (Doc. No. 1) does not mention Section 50-4-26(D), the Court will deny Plaintiffs' motion to the extent it seeks certification of a class asserting claims under that statute.

Plaintiffs argue, and Defendant appears to concede, *see* Response at 10, that Plaintiff's proposed class contains sufficiently numerous members to satisfy Rule 23's numerosity requirement. For the purpose of this motion, the Court concludes that Plaintiffs' proposed class definition satisfies this requirement.

   2. Commonality

This factor assesses whether the issues raised by the named plaintiffs are common to the class as a whole as well as whether the issue is " capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Defendant argues Plaintiffs have failed to show commonality for two reasons: First, Plaintiffs' proposed class definition includes employees who may have no cognizable claim under the FLSA whatsoever. Response at 11. Second, "[e]ven for YPO I and YPO II employees who do engage in pre- or post-shift briefing, the duration of briefing time varies[.]"

Plaintiffs respond that the extent of the injury suffered by each class member is capable of generalized proof either by evidence of uniform application of employment policies or representative testimony that allows damages to be assessed according to a formula. Motion for Certification at 21.

Plaintiffs' claims are common to the proposed class. Defendant does not really dispute Plaintiffs' argument that the proposed class would be entitled to relief under either the FLSA or for unjust enrichment if they were required to perform uncompensated pre-shift work. Instead, Defendant argues the proposed class includes members who may or may not have FLSA or unjust enrichment claims in the first place. But Defendant's only evidence in support of this

contention is that some YPO I and II workers were not employed on a shift-by-shift basis.[3] Therefore, the proposed class does not suffer from uncommon claims because the claims, Defendant concedes, would be subject to generalized proof or disproof. This is an argument on the merits of Plaintiff's claim, not the threshold question of commonality. The Court concludes that the proposed class has common claims against Defendant.

### 3. Typicality

Rule 23(a)(3) requires named plaintiffs to show the claims of the representative parties are typical of the class they seek to represent. *Rector v. City & County of Denver,* 348 F.3d 935, 949 (10th Cir. 2003). "[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir. 1988).

Defendant argues the Plaintiffs' claims are not typical of the class as a whole because the amount of pre- and post-shift briefing varies among the named plaintiffs. Response at 12–13. Plaintiffs respond that the difference in damages suffered among the named plaintiffs is just a restatement of the Defendant's commonality argument, and as such is surmountable with generalized proof of damages. Reply at 5–6. The Court finds that the named Plaintiffs' claims are typical of the class they seek to represent because the named Plaintiffs' claims arise from the same allegedly illegal policy as the proposed class's: the requirement that YPO Is and IIs show up for work prior to the beginning of their shift.

---

[3] The Court has already concluded that Plaintiffs' claims for post-shift time worked are not substantial allegations of FLSA violations, and has modified the class to exclude claims for post-shift overtime work. Insofar as Plaintiffs argue for certification under Rule 23 for a class that includes claims for post-shift overtime, the Court rejects Plaintiffs' request for the same reason.

4. <u>Adequacy of representation</u>

Rule 23(a)(4) requires the Court to investigate any potential conflicts of interest between the named plaintiffs and the class they seek to represent in order to ensure their representation is aligned with the class and their attorneys will "vigorously prosecute the case through qualified counsel." *Garcia v. Tyson Foods*, 255 F.R.D. 678, 689 (D. Kan. 2009).

Like the claims of the named plaintiffs in *Garcia*, the legal claims asserted here are mutually exclusive. Either the Plaintiffs can recover under the FLSA, or they can recover for unjust enrichment, or neither. *See* Motion to Certify at 21. Therefore, the Court does not perceive any potential for the named Plaintiffs to sacrifice their claims under the FLSA in order to obtain settlement of their claims for unjust enrichment, or vice versa. The Court has looked at counsel for the named Plaintiffs' website and examined attorney Shane C. Youtz's resume. The Court finds that counsel for Plaintiffs can adequately discharge his duties to the class.

Accordingly, the Court finds that the proposed class will be adequately represented by the named Plaintiffs and their counsel. The Court appoints Shane C. Youtz, counsel for named Plaintiffs, as class counsel under Rule 23(g).

iii. <u>Rule 23(b)(3) requirements</u>

Plaintiffs seek certification under FED. R. CIV. P. 23(b)(3). In order to proceed under Rule 23(b)(3), Plaintiffs must show that "questions of law or fact common to the members of the class predominate over any questions affecting individual members" ("predominance") and that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." ("superiority").

1. <u>Predominance</u>

At the certification stage, plaintiffs need to show that class-wide issues predominate over individualized questions. FED. R. CIV. P. 23(b)(3). This standard is "far more demanding" than the Rule 23(a) commonality requirement. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997). Plaintiffs must show that the same evidence can establish a prima facie case for each plaintiff. *Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 690 (D. Kan. 2009).

Plaintiffs make two arguments that questions of law or fact predominate over any individualized questions in this case: First, Plaintiffs allege that a common question of fact governs the class members' claims: whether Defendant actually required class members to perform unpaid pre-shift work. Second, Plaintiffs argue that a common question of law predominates as well: assuming Defendant required class members to perform unpaid pre-shift work, whether Defendant is accordingly liable for unjust enrichment.

Defendant argues that the fact that class members worked different hours and were given different shift assignments means individual questions will predominate. This Court is required to assess predominance based on whether the class members' claims are capable of class-wide determination. *Comcast Corp. v. Behrend*, 133 S.Ct 1426, 1435 (2013). Here, whether Plaintiffs can show that they were not compensated for this pre-shift work and that this lack of compensation unjustly enriched Defendant are questions of liability that are clearly capable of class-wide proof. The fact that each class member might have suffered a different measure of damages does not bear on whether the measure of damages is capable of class-wide determination. Class members were subject to a single collective bargaining agreement and uniform wage rates; Plaintiffs' theory of liability is based on Defendant's universally-applicable Post Orders.

If Plaintiffs prove that Defendant required YPO I and YPO II employees to perform unpaid work and that this work unjustly enriched Defendant, each class member's individual damages could be computed based on the number of shifts they worked and their hourly wages. To the extent that Defendant argues that individual issues of damages predominate, a damages formula can account for any variances, or this Court can simply bifurcate any trial into liability and damages portions. Newberg on Class Actions § 4:80 (5th ed.).

Defendant's alternative argument is that some YPO I and YPO II workers were not assigned to work shifts, and instead were called to work on an as-needed basis. *See* Sparks Affidavit, Doc. No. 35-1 at 1. Plaintiffs respond that while some class members perform as-needed rather than shift-based work, the distinction is not categorical. Instead, class members are rotated in and out of shift-based work, such that some of their compensable time will derive from shift-based work and some will derive from as-needed work. Reply at 5. To the extent that certain YPO I or II employees never worked on a shift, these employees are already excluded from Plaintiff's proposed class, which specifically includes only those employees who have performed uncompensated pre-shift work. To the extent that certain class members performed both shift-based and non-shift-based work, the Court does not see how excluding non-shift-based work from a damages award would be any more difficult or impractical than modifying the damages award in order to accurately reflect each class member's wages and hours worked. If the latter is readily determinable based on Defendant's records, then the former is as well.

In sum, Defendant's evidence and arguments seek to discredit Plaintiffs' theory of liability, not whether class-wide issues predominate over individual questions of fact or law. The concerns Defendant points to only establish a potential basis for a motion to dismiss or motion for summary judgment, i.e., merits issues that may not be addressed at the certification stage.

*Shook v. County of El Paso*, 543 F.3d 597, 612 (10th Cir. 2008). And while there is no sharp line dividing the merits of a class action claim from the decision to certify, *see id.*, Defendant's objections to certification only relate to the strength of Plaintiffs' case, not the merits or demerits of resolving this case under Rule 23.The Court finds that class-wide issues of liability and damages predominate over individual issues.

    2. Superiority

Plaintiffs argue that a class action under Rule 23(b)(3) is superior to separate individual lawsuits by each one of the 145-plus class members. Motion to Certify at 23. Defendant raises the same arguments it made as to predominance: individual issues will outnumber issues subject to generalized proof. The Court rejects this argument, at least for now.

Defendant also argues that because the FLSA makes attorneys' fees available to prevailing plaintiffs, there is no disincentive for Plaintiffs' attorneys and attorneys for other class members to litigate their claims individually. In an academic sense, this is true. But this argument ignores the efficiency justification for class actions: if class members filed individual claims, this Court would be overwhelmed with claims based on the same facts and legal issues. The Court concludes that a class action will provide a superior means of disposing of the class members' claims.

## CONCLUSION

Plaintiffs have raised substantial allegations that Defendant violated the FLSA by requiring uncompensated pre-shift briefing from YPO I and YPO II officers. The Court will therefore conditionally certify Plaintiffs' proposed collective action under 29 U.S.C. § 216(b). Insofar as Defendant's policies also give rise to claims for unjust enrichment under New Mexico law, this Court will also grant Plaintiff's motion to certify a class under FED. R. CIV. P. 23(b).

IT IS ORDERED:

(1) Plaintiffs' motion to conditionally certify their FLSA claims under 29 U.S.C. § 216(b) is granted in part and denied in part;

(2) Plaintiffs' motion to certify their unjust enrichment claim as a class action under FED. R. CIV. P. 23(b)(3) is granted in part and denied in part;

(3) Counsel for Plaintiffs will submit a proposed notice to class members that reflects this Court's Memorandum Opinion and Order for review and approval of the Court by October 30, 2014. Because the Court has granted Plaintiffs' request for certification under FED. R. CIV. P. 23(b)(3), the proposed notice must also meet the requirements of FED. R. CIV. P. 23(c)(2)(B). Defendant may submit any objections to the proposed notice not otherwise addressed by this Memorandum Opinion and Order by November 10, 2014.

(4) Counsel for Plaintiffs will confer with counsel for Defendant and Magistrate Judge Yarborough and adopt a pretrial plan for the trial currently schedule for March 2, 2015. The plan should include deadlines:

    a. for class members to opt in to Plaintiffs' FLSA collective action and/or opt out of the classes' unjust enrichment claims;

    b. for depositions and other discovery;

    c. for the submission and briefing of dispositive motions;

    d. and for any other item that will expedite the efficient resolution of this case.

(5) Defendant will confirm to Plaintiffs' counsel that the already-produced list of names and last known addresses of potential class members is accurate or Defendant will supplement its list if necessary.

_____

SENIOR UNITED STATES DISTRICT JUDGE